FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

97 JAN 15 PM 3:40

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| ALICE FUQUA, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | |
| | ) | CV-95-AR-1221-S |
| | ) | |
| I.J. LEVA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ENTERED
JAN 15 1997

## MEMORANDUM OPINION

The court has before it motions by I.J. Leva and Rajesh Leva, defendants to the present action, for summary judgment. For the reasons stated below the motions are due to be partially granted.

### A. Relevant Facts

Plaintiffs, Alice Fuqua ("Fuqua") and Sheri Godwin ("Godwin"), were both employed at the Knight's Inn in Monroe County, Alabama. They complain of acts committed primarily by Rajesh Leva, a defendant to the present action, during plaintiffs' employment at the Knight's Inn. Plaintiffs testified at their respective depositions that Rajesh Leva, a male, consistently solicited sexual favors from plaintiffs, who are females, threatened termination if such favors were not granted, consistently made lewd and obscene

comments to plaintiffs, and forced plaintiffs into compromising situations. Furthermore, Rajesh Leva allegedly threatened Fuqua that if she did not engage in sexual acts with him, her employer would not pay her worker's compensation deductible. Fuqua claimed worker's compensation for an injury to her back sustained when Rajesh Leva allegedly hit her, and later forced her to bend down to pick up some insurance papers. These incidents allegedly aggravated an injury Fuqua had previously sustained to her back. Plaintiffs both testified that I.J. Leva neither ratified the conduct of Rajesh Leva nor personally engaged in any inappropriate physical or verbal harassment.

Plaintiffs never yielded to Rajesh Leva's quid pro quo propositions, and neither plaintiff directly reported the inappropriate conduct to I.J. Leva. However, plaintiffs argue that Rajesh Leva's conduct was so outrageous that I.J. Leva either knew or should have known about it. They allege that both I.J. Leva and his wife were in a position to have observed the alleged harassing conduct.

Rajesh Leva was apparently a co-employee, and possibly a supervisor or manager, of the Knight's Inn. I.J. Leva is apparently the sole owner of the Knight's Inn. Whether he is an "employer" for Title VII purposes is still a contested matter.

2

Other facts relevant to the "employer's" alleged Title VII and Fair Labor Standards Act ("FLSA") liability are not addressed in this opinion.

### B. Summary Judgment Standard

Rule 56 states, in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

F. R. Civ. P. 56(c). As stated by the Eleventh Circuit, "[s]ummary judgment is appropriate where there exists no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Turnes v. AmSouth Bank, N.A., 36 F.3d 1057, 1061 (11th Cir. 1994).

### C. Legal Analysis

#### 1. Invasion of Privacy

Plaintiffs concede that I.J. Leva is due to be granted summary judgment on their claim of invasion of privacy. Therefore, I.J. Leva's motion for summary judgment as to said claim will be granted.

#### 2. Tort of Outrage

Plaintiffs also concede that they have no cause of action

against I.J. Leva, either individually or as an employer, under an outrage tort theory. Therefore, his motion for summary judgment for the tort of outrage will also be granted.

Defendant Rajesh Leva also claims that his motion for summary judgment is due to be granted as to the tort of outrage. To recover for Alabama's tort of outrage, plaintiffs must show:

> (1) the defendant either intended to inflict emotional distress, or knew or should have known that emotional distress was likely to result from its conduct;
>
> (2) the defendant's conduct was extreme and outrageous; and
>
> (3) the defendant's conduct caused emotional distress so severe that no reasonable person could be expected to endure it.

*Patterson v. Augat Wiring Systems*, 944 F. Supp. 1509, 1525 (M.D. Ala. 1996)(citing *Jackson v. Alabama Power Co.*, 630 So. 2d 439, 440 (Ala. 1993)). This tort cause of action is reserved for only the most unsavory of acts that are "beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." *Id.* "Mere insults, indignations, threats, annoyances, petty oppression, or other trivialities do not constitute outrageous conduct." *Id.* (quoting *Surrency v. Harbison*, 489 So. 2d 1097, 1105-06 (Ala. 1986)). To date the Alabama Supreme court has found that only three types of cases fall within the

scope of outrage. The first relates to wrongful conduct related to family burials, the second relates to coercive and barbaric insurance tactics, and the third relates to cases of "egregious sexual harassment." *Id.* at 1525-26 (citing *Thomas v. BSE Indus. Contractors, Inc.*, 624 So. 2d 1041, 1044 (Ala. 1993)).

While the scope of the tort is narrow, plaintiffs have presented sufficient evidence, that if true, could allow a jury to find Rajesh Leva's actions so outrageous as to shock the conscience and trigger damages, both compensatory and punitive. For this reason, defendant Rajesh Leva's motion for summary judgment with respect plaintiffs' claim for the tort of outrage will be denied. *See Id.* (comparing and contrasting cases that have defined the scope of "outrageous" sexual harassment).

### 3. Title VII and Fair Labor Standards Act

Defendants have both moved for summary judgment on plaintiffs' Title VII and FLSA claims. Both I.J. Leva and Rajesh Leva assert that they are not "employers" as defined in Title VII, and that even if they were employers, plaintiffs have not adequately presented Title VII or FLSA claims against defendants in their complaint. Originally this action was filed against a number of individuals and entities, including Best Western and Knight's

5

Lodging, Inc., defendants that have been dismissed. In a motion currently before the court, plaintiffs seek to amend their complaint to charge that I.J. Leva is liable as an "employer" for purposes of their Title VII claim. Whether the motion by I.J. Leva for summary judgment on this issue is due to be granted may depend upon whether plaintiffs are allowed to amend. Even if plaintiffs' motion for leave to amend is granted, the court can still entertain an additional Rule 56, F. R. Civ. P., motion from I.J. Leva on the Title VII claim. The present Rule 56 motion by Rajesh Leva as to the Title VII claim is clearly due to be granted because plaintiffs do not even make a desultory effort to demonstrate that he is their "employer" under Title VII.

Defendants similarly assert that because neither I.J. Leva nor Rajesh Leva is mentioned in Count VI of plaintiffs' complaint, and because the original defendants named in Count VI have been dismissed, the remaining two defendants are due to be granted summary judgment on plaintiffs' FLSA claims. Beyond this, defendants never directly address the FLSA theory. Plaintiffs' motion to amend their complaint, though it appears to be concern only the Title VII claims, requests that I.J. Leva be substituted for Knight's Lodging, Inc. in paragraphs 3, 8, 10 and 13 of the original complaint. The FLSA claim incorporates by reference these

6

paragraphs. If plaintiffs' motion to amend is granted Count VI would facially state a FLSA claim against I.J. Leva as an employer. Whether defendant I.J. Leva is entitled to summary judgment on this issue must similarly wait for the court's disposition of plaintiffs' motion to amend their complaint. Again, the court will allow an additional motion for summary judgment on this claim pending resolution of plaintiffs' motion at the pre-trial conference scheduled for January 31, 1997. As of this moment the facts bearing on whether I.J. Leva is an "employer" are either unclear or in dispute. Meanwhile, Rajesh Leva is not any more of an "employer" for the purposes of the FLSA than he is for purposes of Title VII so that his Rule 56 motion addressed to the FLSA claims is due to be granted.

A separate and appropriate order will be entered.

DONE this 15 day of January, 1997.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT COURT