IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

97 FEB -4 PM 3:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

ALICE FUQUA, ET AL.,    }
                        }
    Plaintiffs          }
                        }
    vs.                 }    CIVIL ACTION NO.
                        }
I. J. LEVA, ET AL.,     }    95-AR-1221-S
                        }
    Defendants          }

**ENTERED**

FEB 4 1997

**MEMORANDUM OPINION**

The court has before it a motion by Alice Fuqua and Sheri Godwin, plaintiffs in the above-entitled cause, for leave to amend their complaint. Their motion was filed after the case had been set for pre-trial conference. On January 15, 1997, the court notified the parties that plaintiffs' motion would be heard at the pre-trial conference on January 31, 1997. Plaintiffs prepared a proposed pre-trial order on the hopeful assumption that their motion would be granted and that issue would be joined by defendants on the complaint as plaintiffs proposed to amend it. On January 31, 1997, it quickly became apparent that the case was not ready for a final pre-trial conference <u>unless</u> plaintiffs' motion for leave to amend was denied, the proffered pre-trial order materially altered, and defendants' motion for summary judgment immediately revisited. The pre-trial conference was thereupon

cancelled. After the parties vigorously argued for and against plaintiffs' motion, the motion was taken under advisement.

The original complaint was filed on May 15, 1995, making this case one of this court's oldest employment discrimination cases. Plaintiffs' primary claim is brought under Title VII, alleging sexual discrimination and a hostile work environment, including alleged *quid pro quo* harassment. There is a separate claim for a violation of the federal minimum wage law and pendent state law claims for invasion of privacy and intentional infliction of emotional distress. The original complaint alleged that Knight's Lodging, Inc. and/or Best Western was plaintiffs' employer. Knight's Lodging, Inc. went into bankruptcy, and the action as against it was dismissed without prejudice on March 8, 1996, on which date the action as against Best Western was also dismissed without prejudice under Rule 4(m), F.R.Civ.P., because Best Western had never been served. In other words, as of March 8, 1996, there was no "employer" named in the complaint, so that a necessary element for any Title VII action or for any claim under the Fair Labor Standards Act was lacking from March 8, 1996 until now.

The scheduling order entered by the court pursuant to Rule 16(b), F.R.Civ.P., which said order tracked the scheduling proposal made by the parties themselves, required the completion of discovery by November 15, 1996, and that all plaintiffs' amendments to their pleadings be filed by July 30, 1996. July 30, 1996, came

and went without any proposed amendment to the complaint by plaintiffs, and without any motion for a modification of the Rule 16(b) order.  The same is true for the closing of discovery date, November 15, 1996.  It was not until the only two remaining defendants, I. J. Leva and Rajesh Leva, filed a timely motion for summary judgment, and until the case was headed for an early trial date that plaintiffs apparently realized the absence of an alleged "employer" in their complaint and sought to amend to substitute defendant, I. J. Leva, as plaintiffs' employer with the necessary 15 or more employees.

*Inter alia*, plaintiffs' present motion for leave to amend alleges: "Defendant [apparently referring to I. J. Leva] will not suffer any undue prejudice by allowing this amendment."  I. J. Leva strongly disputes this conclusory allegation.  Plaintiffs argue that their proposed amendment merely takes care of a "technicality" and should come as no surprise.  I. J. Leva argues that his preparation for trial and his line of inquiry during discovery has been based largely on what plaintiffs now call a technicality, which arguably is not a technicality but is and always has been a crucial jurisdictional matter about which plaintiffs had the knowledge and the opportunity to amend within the time limitation of the Rule 16(b) scheduling order.  I. J. Leva argues that the new claim that I. J. Leva was the "employer" could have been made long ago if plaintiffs believed it, obviating the last-minute problem

3

presented by plaintiffs' proposed amendment.

Rule 16(b) requires the entry of a scheduling order which "<u>shall not be modified except upon a showing of good cause and by leave of the district judge</u>." (emphasis supplied). Plaintiffs still have not sought a modification of the Rule 16(b) order. The court reluctantly assumes that plaintiffs' untimely request for leave to amend <u>implies</u> a request for a modification of the scheduling order.

It seems to the court that this is a situation in which the liberality of amendment is not only countered by, but overridden by, the principle inherent in Rule 16(b), which is a rule designed to provide structure to trial procedure and to guarantee an end to the case within a reasonable period of time. This case is already too old. The mere allegation that I. J. Leva will not suffer undue prejudice does not meet plaintiffs' obligation to show good cause for such a belated modification of the scheduling order, not only requiring a modification of the closing dates for amendments but of the closing date for discovery, of the closing date for dispositive motions, and of the timing of final pre-trial conference and trial. The court agrees with I. J. Leva that additional discovery will be required if this amendment is allowed, unnecessarily delaying the disposition of the case, whether by summary judgment or by trial. It is obvious to the court that I. J. Leva will need to pursue in more detail by deposition his relationship with plaintiffs with

4

respect to income tax withholding, wages paid, supervision, etc., in order to ascertain whether plaintiffs have an evidentiary basis for alleging that he was their "employer," and, if the contention that he was the employer can be supported, whether or not he had the requisite number of employees during the relevant period. The question of the number of employees will be complicated and will require careful exploration not only because I. J. Leva has members of his family living in the motel where plaintiffs worked but because I. J. Leva is connected with another motel in a separate city. Plaintiffs admit that they want to count employees at both locations. The elongation of discovery, with the expense and time that would be involved, constitutes "undue prejudice," in the opinion of the court, and thus violates Rule 16(b). The court agrees with the court in *Zurn Constructors, Inc. v. B. F. Goodrich Co.*, 746 F. Supp. 1051 (D. Kan. 1990), when it said:

> ... the court agrees with defendant that allowing the amendment would necessitate additional discovery. The additional discovery or preparation which would be required as a result of the belated addition of new claims is recognized as a source of prejudice justifying denial of a motion to amend. *See, e.g., Smith v. City of New York*, 611 F. Supp. 1080, 1093 (S.D.N.Y. 1985).

Based on the overall circumstances and the failure of plaintiffs to show good cause for a modification of the scheduling order, the court will, in an exercise of its discretion, deny plaintiffs' motion for leave to amend. *See Loughan v. Firestone Tire & Rubber Co.*, 749 F.2d 1519 (11th Cir. 1985).

When the court on January 8, 1997, granted partial summary judgment to defendants, it withheld ruling on that aspect of I. J. Leva's Rule 56 motion based on the absence of any allegation that he was plaintiffs' employer. Now that plaintiffs will not be permitted to amend to make such an allegation, I. J. Leva's motion for summary judgment is due to be granted.

DONE this \_\_\_4th\_\_\_ day of February, 1997.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE